IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,157-01






EX PARTE NAKITA WICKWARE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-80784-99 IN THE 114TH JUDICIAL DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
of burglary of a habitation and was sentenced to twenty years' imprisonment. 

 Applicant contends that he was denied due process when the Texas Board of Pardons and
Paroles imposed sex offender conditions for Applicant's parole release although he has not been
convicted of a sex offense. Applicant has alleged facts that, if true, might entitle him to relief. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall obtain an affidavit from TDCJ, giving a history of Applicant's parole
release and revocation. The trial court shall supplement the record with copies of all documents
pertaining to Applicant's parole review, release, and revocation. The trial court shall then make
findings as to whether Applicant had been previously convicted of a sex offense at the time of his
parole review. The trial court shall make findings of fact as to whether Applicant was released to
parole, and if so, whether sex offender conditions were imposed as conditions of Applicant's parole. 
The trial court shall make findings as to whether Applicant's parole was revoked, and if so, what
violations of the conditions of his parole were alleged and proved. The trial court shall make
findings as to whether the notice and opportunity to be heard afforded to Applicant before the
imposition of sex offender conditions were adequate under Ex parte Evans, 338 S.W.3d 545 (Tex.
Crim. App. 2011). The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: August 24, 2011

Do not publish